UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 17-CR-00234-RLW |
| ) | |
| RAMI ALMUTTAN, ) | |
| ) | |
| Defendant. ) | |

**SENTENCING MEMORANDUM**

COMES NOW Defendant Rami Almuttan, by and through the undersigned counsel, and for his Sentencing Memorandum states as follows:

**Introduction**

Rami Almuttan seeks a sentence of probation for a plea of guilty to Count 2 of the Indictment charging Conspiracy to Distribute Controlled Substances and Analogues.

The parties are in agreement with the PSR that the Guideline Total Offense level is 25 with a Criminal History Category I, resulting in a range of imprisonment of 57-71 months. PSR paras. 78,107.

The parties are in agreement with the PSR that the Statutory offense provides for a maximum term of imprisonment of 20 years, but that Rami Almuttan is also eligible for a sentence of probation for a term from 1 to 5 years. PSR paras. 106,113.

After taking into consideration and weighing all the 18 USC §3553(a) factors, together with all the matters, facts and circumstances in the record, a variance to a sentence of probation would be "sufficient, but not greater than necessary" to achieve the congressionally expressed needs for the sentence requested in this case.

## Background

Rami Almuttan is 38 years of age, born and raised in the West Bank. He moved to the United States at age 19. He is one of 10 children of his parents. Rami's father was killed when he was age 9. His mother now resides in Missouri with one of Rami's six siblings. The six siblings in addition to Rami live in the St. Louis area. One brother was murdered in 2007 while operating a family grocery store in Illinois. Rami has two other siblings still living in the West Bank.

Rami came to the United States in 2003 with nothing. He returned briefly to the West Bank for his marriage in 2006, and he returned to the United States with his wife for permanent residency. He became a United States' citizen in 2012. Rami and his wife Saaed have 6 children, ages 5 to 14. Rami is the sole provider for his family. He works individually and with his brothers in businesses which operate grocery stores in the St. Louis metropolitan area. He and his brothers have worked tirelessly 6-7 days a week, often more than 12 hours a day to have successful businesses.

Rami has been on pretrial release for over five years, beginning on June 2, 2017, which was three days after his arrest and being taken into custody. This supervision included several years of monitoring on an electronic ankle bracelet.

## USC §3553(a) Factors

(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

A sentence of probation to a felony for Rami Almuttan, a previously law-abiding citizen, is a serious sentence carrying permanent and serious consequences: his loss of substantial and numerous civil rights, harm to his personal and business reputation in the community at large, and harm to his reputation in particular in the business community of which he is a member.

Rami Almuttan, however, went astray, and he crossed the line, but not before this case, and not during the five years since his arrest. In recognition of the history, circumstances and complete record of this defendant in this case, a sentence of probation does not promote any disrespect for the law. Rather it confirms that not one sentence size fits all defendants. The law recognizes that defendants have different histories and their cases have different facts and circumstances, even if the defendants face similar charges. Good people can make mistakes. (See letters attached as testament to Rami Almuttan's good character and kindness to others). The best of them warrant a better sentence than the worst of them.

Putting a person in prison should not be a necessary and only reaction to a charge. Congress has provided that probation is an appropriate sentence for this charge. To only consider otherwise would disrespect the law. Congress recognizes that a sentence of probation, particularly on top of successfully serving five years of pretrial release (including substantial electronic monitoring), is within the range of a just punishment under all the circumstances of this case.

Of note, the United States Sentencing Commission keeps statistics on certain dispositions in criminal cases, both nationally and for each Circuit. One particular category of these statistics is the *"Incarceration Rate of U.S. Citizen Offenders Eligible for Non-Prison Sentences."* [1] Rami Almuttan is such an offender; he is a United States citizen and he is eligible for probation.

The USSC statistics for fiscal year 2021 show that nationally the average sentence is that 41% of such offenders charged with Drug Trafficking receive non-prison sentences; in the Eighth Circuit for 2021, 31% of such offenders received non-prison sentences. It cannot be argued that courts which granted non-prison sentences for drug trafficking crimes to 31% to at

---

[1] United States Sentencing Commission *Statistical Information Packet, Fiscal Year 2021 Eighth Circuit*, Table 6. SOURCE: U.S. Sentencing Commission, 2021 Datafile, USSCFY21

3

least 41% of eligible defendants failed to reflect on the seriousness of the offense, nor that they failed to respect the law, nor that they failed to provide just punishment. Given Rami Almuttan's history and considering all the facts and circumstances of this case, a sentence of probation would place Rami within that statistical range of 31% to at least 41% of offenders that did not and do not warrant a sentence of imprisonment.

**(B)** To afford adequate deterrence to criminal conduct.

Is it likely or reasonable that a person considering committing a drug offense is going to reason that because he/she has a 31% chance of not going to prison, a drug venture seems worth the risk? Not likely. Either the specter of going to jail is deterrent enough or there are no deterrents available. Sentencing 31% of eligible drug offenders to probation will not lessen any deterrent value that exists from sentencing the vast majority of such offenders to prison.

**(C)** To protect the public from further crimes of the defendant.

There is no evidence other than the offense itself that indicates the public needs further protection from Rami Almuttan. There was no indication of needing protection from Rami prior to this offense, and there has been no indication of a need for protection from his behavior during the five plus years of pretrial release. Over these last five plus years on pretrial release, Rami has demonstrated and confirmed his respect for the law and his ability to thrive as a productive citizen in comportment with the law.

**(D)** To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

This factor is not relevant in this case.

### Concern For Disparities in Sentences

There are six defendants in this case including Rami Almuttan that have pleaded guilty to Count 2 of the Indictment. Others were charged, but their cases are being dismissed. Only one

4

has been sentenced to prospective imprisonment. The criminal history and circumstances of that defendant are substantially different from Rami and the other Count 2 defendants. That defendant was illegally trafficking in narcotics different from, in addition to, and outside the conduct of Count 2. That defendant was also illegally trafficking in firearms.

A sentence of probation for Rami Almuttan would create no unwarranted disparity among the defendants similarly charged in this case. A sentence of probation would be consistent with the non-prison sentences given to the 31% to at least 41% of the others with similar charges reported in the United States Sentencing Commission Fiscal Year 2021 statistics. It is also doubtful that many within that 31% to at least 41% group have a record and history comparable to Rami's, which is one worthy of high commendation for his extensive assistance to the public.

### Conclusion

For the reasons stated above and in consideration of all the facts and circumstances of record in this matter, a sentence of probation is sufficient, but not greater than necessary to comply with 18 USC §3553.

s/ J. William Lucco

J. William Lucco, #1701835IL
LUCCO BROWN DAWSON & HERTZ LLC
224 St. Louis Street
P. O. Box 539
Edwardsville, IL  62025
Telephone: (618) 656-2321
Facsimile: (618) 656-2363
blucco@lbdhlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 9/26/22, I electronically filed a Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

<u>All registered attorneys of record</u>

And I hereby certify that on 9/26/22, I mailed by United States Postal Service, the document to the following non-registered participants:

None.

s/ J. William Lucco