## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CR-234 RLW |
| | ) | |
| RAMI ALMUTTAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed criminal case is before the Court on Defendant Rami Almuttan's Unopposed Motion for Bail Pending Appeal (ECF No. 2410), as supplemented (ECF No. 2417). In the motion, Defendant Almuttan asks the Court to grant him release on bail pending appeal pursuant to 18 U.S.C. § 3143(b).

The Indictment charged Almuttan in Counts 1, 2, 14, 60, and 61. (ECF Nos. 1, 2.) On April 7, 2022, Almuttan pleaded guilty to one count of conspiracy to distribute controlled substances and analogues in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 2). In the Guilty Plea Agreement, the parties stated that in return for Almuttan's plea of guilty to Count 2, the United States would agree to dismiss Counts 1, 14, 60, and 61. (ECF No. 1950 at 1.) At the sentencing hearing on October 3, 2022, the United States orally moved to dismiss Counts 1, 14, 60, and 61, and the Court granted the motion.[1]

The Court sentenced Almuttan to a term of forty-eight months in prison, three years of supervised release, and a $20,000 fine. (Judgment in a Criminal Case, ECF No. 2298). The Judgment reflects the dismissal of Counts 1, 14, 60, and 61of the Indictment on motion of the

---

[1]Almuttan's motion states that the United States filed a written motion to dismiss all other counts against him, citing ECF No. 2298, the Judgment in a Criminal Case, but the Government did not file a written motion to dismiss.

United States. (Id. at 1.) The Court also ordered Almuttan to self-surrender for service of sentence at the institution designated by the Bureau of Prisons ("BOP") as notified by the United States Marshal.

Almuttan filed a Notice of Appeal on October 17, 2022 (ECF No. 2320). On October 27, 2022, the United States Marshal ordered Almuttan to report to the BOP's Marion Satellite Camp on November 22, 2022.[2] (ECF No. 2370). Almuttan filed the instant motion on November 4, 2022.

In his motion, Almuttan argues he should be released on bail pending appeal because the Court's sentence was both procedurally improper and substantively unreasonable. (ECF No. 2410 at 3.)

**Legal Standard**

Title 18 of the United States Code, section 3143(b)(1) provides:

**(b) Release or detention pending appeal by the defendant.—(1)** [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

---

[2]The Court subsequently granted Almuttan's unopposed motion to extend his self-surrender to the extent of 45 days; his reporting date is now January 6, 2023. (ECF No. 2440.)

18 U.S.C. § 3143(b)(1).

In discussing § 3143(b)(1), the Eighth Circuit has stated that the "Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal. The Act's intent 'was, bluntly, that fewer convicted persons remain at large while pursuing their appeals.'" United States v. Marshall, 78 F.3d 365, 366 (8th Cir. 1996) (quoting United States v. Powell, 761 F.2d 1227, 1231 (8th Cir. 1985) (en banc)).

The defendant has the burden of showing the merit of the appeal. Powell, 761 F.2d at 1232. To meet this burden, a defendant "must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way." Powell, id. at 1233-34. It is insufficient for a defendant to show the issue is fairly debatable, but a defendant is not required to show it is likely that he will prevail on the issue on appeal. Id. at 1234. If the defendant satisfies the first part of the test, "the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Id.

**Discussion**

Almuttan first makes a conclusory assertion that the Court's sentence was procedurally improper, but he does not offer any factual explanation in support. (See ECF No. 2410 at 3.) This undeveloped assertion does not present a substantial question.

Almuttan next asserts the Court's sentence was substantively improper because the Court did not expressly rule on his motion for a downward variance, did not explain its consideration of each Section 3553(a) factor, and did not rule on the downward variance arguments set out in his sentencing memorandum.

To clarify, Almuttan did not file a written motion for a downward variance, but requested a variance in his sentencing memorandum (ECF No. 2261).

Prior to pronouncing sentence, the Court stated that it listened to the in-court statements of defense counsel and Defendant Almuttan, and reviewed the PSR, Almuttan's sentencing memorandum, letters of support, and the Government's motion.[3] (Sent. Tr., ECF No. 2355 at 8:3-7.) The Court stated it considered the facts of the case, which involved Almuttan's manufacturing and distribution of synthetic drugs in the Eastern District of Missouri, utilizing his family farm to manufacture the drugs, and selling them in convenience stores and gas stations he owned and operated. The Court stated that Almuttan was ranked second in culpability as to the conspiracy to traffic in contraband cigarettes (dismissed Count 1), and first in culpability as to the synthetic drug conspiracy. The Court noted that Almuttan had no criminal history and no history of substance abuse. (Id. 8:8-16.)

The Court stated it considered the foregoing, the advisory guidelines range, and the provisions of 18 U.S.C. § 3553(a), in concluding that a sentence of 48 months, a downward departure from the Guidelines range of 57 to 71 months, was sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a). (Id. 8:17-22.)

Courts are not required to "categorically rehearse" each of the § 3553(a) factors on the record as long as it is clear the court considered the factors. United States v. Hernandez, 518 F.3d 613, 616-17 (8th Cir. 2008). Here, the record shows the Court mentioned several specific factors and considered the nature and circumstances of the offense and Almuttan's history and

---

[3]With respect to the Government's motion, the Court also conducted an attorneys-only Rule 13.05 conference prior to the sentencing upon the joint request of defense counsel and the United States. During the conference, Almuttan's counsel made arguments in support of a downward variance. (Sealed Tr., ECF No. 2354 at 2-8.)

characteristics in explaining the sentence. The Court concludes this argument does not raise a substantial question.

Upon review of Almuttan's arguments, the Court finds that Almuttan has not met the burden of showing that his appeal raises a substantial question of law or fact likely to result in reversal or a new trial. 18 U.S.C. § 3143(b)(1)(B). Almuttan also does not show that the issues he raises are "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." Powell, 761 F.2d at 1233-34.

The Court therefore finds that release on bail pending appeal is not warranted and will deny Almuttan's motion. Because the Court finds that Almuttan has not established the elements of § 3143(b)(1)(B), it "need not consider § 3143(b)(1)(A), which concerns whether [he] poses a danger to the community or presents a risk of flight." United States v. Beckham, 4:16-CR-300 RLW, 2018 WL 10159758, at *3 (E.D. Mo. Apr. 18, 2018) (quoted case omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rami Almuttan's Unopposed Motion for Bail Pending Appeal (ECF No. 2410), as supplemented (ECF No. 2417), is **DENIED**.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 5th day of December, 2022.